UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
FT. LAUDERDALE DIVISION, FLORIDA

**FRISNEL DAGOBERT,**

      **Plaintiff**

vs

**BANK OF AMERICA,**

      **Defendant.**
_____/

## COMPLAINT

Plaintiff, MR. FRISNEL DAGOBERT, by and through undersigned counsel submits this Complaint against Defendant(s) BANK OF AMERICA, a Corporation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et. seq.*, *as amended,* (Title VII); and the Florida Civil Rights Act (Chap. 760), and in support thereof avers as follows:

## ADMINISTRATIVE PREREQUISITE

Plaintiff has complied with administrative prerequisites pursuant to Title VII, rendering his claim ripe for this Court. The Equal Employment Opportunity Commission ("EEOC") issued a Right to Sue Letter dated January 5, 2011, received on or about January 8, 2011 (Attached). As said Letter provides ninety (90) days from date of receipt of Right to Sue Letter, this Complaint is thereby timely.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as causes of action are a matter of federal law under Title VII 42 U.S.C § 2000(e) *et. al*.

2. Venue is proper in this District as all Defendants reside and/or operate in, and all unlawful acts occurred within Broward County.

3. This Court also has supplemental jurisdiction on State claims pursuant to 28 U.S.C. §1367.

4. That having exhausted the administrative prerequisites the claim is ripe for adjudication before this Court.

## GENERAL ALLEGATIONS

1. At all times material hereto, Defendant was an "employer" as defined by Title VII, continuously operating in this District and continuously with fifteen or more employees.

2. At all times material hereto, Plaintiff was an "employee" as defined by Title VII, and as such is entitled to all its provisions and protections.

3. Plaintiff is a Black Male born in Haiti and of Haitian descent.

4. Plaintiff began working for Defendant Bank of America (hereinafter "Bank") sometime in 2006. At the time of his termination in April 2010, Plaintiff's position was Teller.

5. Plaintiff began his employ with the Bank as a Teller in the North Ft. Lauderdale Branch (North FLL).

6. Sometime in the beginning of 2008 a new Branch Manager, Andrea Fernandez came on to the North Ft. Lauderdale branch. Based on information and belief Manager Fernandez was a Hispanic female from Uruguay.

7. Almost immediately after Manager Fernandez came to work in the North FLL branch, she began to harass Plaintiff by monitoring him incessantly, writing him up, and accusing him with violations that were unsubstantiated and frivolous.

8. Manager Fernandez, along with her assistant manager, wrote up Plaintiff for insubordination, refusing to assist a client, and outbursts at the workplace, just to list a few. Other charges included poor teamwork and customer service skills.

9. Yet Plaintiff's performance evaluations, before the arrival of Manager Fernandez, commanded him on his teamwork and customer service skills.

10. While Manager Fernandez wrote up Plaintiff for conduct that she deemed inappropriate, she did not write up the non-Haitian employees for the same or more egregious conduct.

11. Manager Fernandez would constantly question Plaintiff about working past his designated time while the non-Haitian tellers would leave exactly or before their departure time.

12. Plaintiff and another Haitian teller were the only Haitian employees at that time. The other Haitian teller (full name unknown) transferred out of the Bank sometime in September 2009.

13. Based on information and belief, this other Haitian teller also complained about discriminatory treatment under Manager Fernandez by calling advice and counsel at the 800 number.

14. At one point, Manager Fernandez told Plaintiff that he would be happier in a bank branch were most of the customers were Haitian, and that in that branch the customers would understand him better.

15. When Plaintiff inquired about a customer service position Manager Fernandez told him that he could never get such a job because he did not "speak proper English". Plaintiff understood she was referring to his Haitian accent.

16. Sometime in February 2009, after his work environment became unbearable, Plaintiff submitted an e-mail to Bank management complaining about discriminatory treatment.
17. A bank representative informed Plaintiff that his complaint had been received and that it would be investigated.
18. After submitting his complaint with Defendant, Plaintiff made repeated attempts to get relief, however his situation did not improve.
19. Although Plaintiff did not inform co-workers of his complaint, the co-workers were aware that Plaintiff had complained about Manager Fernandez
20. Plaintiff's situation after filing his complaint deteriorated. Manager Fernandez began to question and deny requests for time off, assigned him to more difficult positions, and issued a final disciplinary action against him. Based on the increased hostility from the Manager, Plaintiff decided it would be best to seek a transfer.
21. Accordingly, sometime in November 2009, Plaintiff applied for a transfer to the Coconut Creek branch, which he ultimately received.
22. On April 2009 however, Plaintiff was terminated for alleged insubordination. The insubordination claim was based on Plaintiff's refusal to sign a vault sheet. However, tellers cannot sign off of said sheets until they have an opportunity to count the money. Had Plaintiff signed off on the logs as instructed by the Supervisor he would have been violating company policy and possibly incriminating himself.
23. Based on his refusal to sign off on the vault sheet Plaintiff was terminated.
24. Plaintiff initiated his EEOC compliant sometime in May of 2010.
25. The EEOC then sent the Notice of Right to Sue letter which was received by Plaintiff on or about August 8, 2011.

### Count I-Violation of Title VII
### Based on Race & National Origin
### (42 U.S.C. §2000e, et. seq.)

26. Plaintiff re-alleges paragraphs 1-25 herein, and further avers:

27. That due to Plaintiff's National Origin and Race, Black Haitian, he has been intentionally denied employment opportunities, which constitute adverse employment actions.

28. He has been cited with unsubstantiated violations, counseled, and ultimately terminated as a result of employer's discriminatory animus.

29. Denial of said employment opportunities are in violation of Title VII provisions.

30. As a result of said actions Plaintiff sustained and continues to sustain injury and damages.

### Count II-Violations of Title VII
### Hostile and Intimidating Work Environment
### (42 U.S.C. §2000e, et. Seq.)

31. Plaintiff re-alleges paragraphs 1-25 herein, and further avers:

32. That due to Plaintiff's Race and National Origin, he has been harassed, demeaned, retaliated, and singled out and otherwise subjected to a hostile and intimidating work environment.

33. Said harassment is pervasive and extreme and is in violation of Title VII provisions.

34. Management was made aware of said harassment yet took no action to remedy the harassment.

35. Said harassment was willful and unreasonably interfered with Plaintiff's work and or otherwise created an intimidating, hostile and offensive work environment.

36. As a result of said actions Plaintiff sustained and continues to sustain injury and damages.

### Count III-Violations of Title VII
### Based on Retaliation
### (42 U.S.C. §2000e-3(a)

37. Plaintiff re-alleges paragraphs 1-25 herein, and further avers:

38. That due to Plaintiff's filing, reporting, and or invoking his rights under Title VII with management as against supervisor(s) he was retaliated upon for having engaged in this protected activity.

39. Said retaliation has deprived Plaintiff of employment opportunities, and has otherwise adversely affected his employment status.

40. Due to the temporal proximity between reporting violations of Title VII and the adverse employment actions, there arises an inference that adverse employment actions were in retaliation.

41. Said retaliation was willful, intentional, and in complete disregard of Plaintiff's rights.

42. As a direct and proximate result of said actions Plaintiff sustained and continues to sustain injury and damages, such as emotional distress, embarrassment, humiliation, defamation of character and related damages in amounts subject to proof.

### Count IV-Florida Civil Rights Act of 1992
### Florida Stat. § 760

43. Plaintiff re-alleges paragraphs 1- 25 herein, and further avers:

44. That due to Plaintiff's National Origin (Haitian) and Race (Black) he has been intentionally denied employment opportunities, which constitute adverse personnel practices.

45. He has been cited with unsubstantiated violations, and terminated as a result of employer's discriminatory animus.

46. Denial of said employment opportunities are in violation of FCRA provisions.

47. As a result of said actions Plaintiff sustained and continues to sustain injury and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendant to institute and carry out policies, practices and programs which provide equal opportunity and treatment for all employees.

B. Grant a judgment in favor of Plaintiff and against Defendant by paying lost benefits, back pay, interest and any and all compensatory damages such as attorney's fees and costs, emotional pain and suffering, and any other damages as allowed under applicable laws.

C. Impose upon Defendant Bank punitive damages for its malicious and reckless violations of both the Federal and State anti-discrimination statutes.

D. Grant such further relief as the Court and law deems necessary and proper in the public interest.

## JURY TRIAL

Plaintiff requests a jury trial on all questions of fact underlying this Complaint.

Respectfully submitted,

s:/*Mayra L. Gonzalez-Kadzinski*
Mayra L. Gonzalez-Kadzinski
FBN: 540498
LAW OFFICES OF INTERNATIONAL
IMMIGRATION & LABOR SERVICES
3550 Biscayne Blvd.
Suite 510
Miami, FL 33137
Tel: 305-456-9195
Fax: 305-456-9616
Counsel for Plaintiff

**CERTIFICATION OF SOUTHERN BAR ADMISSION**

  I HEREBY certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Dated: April 4, 2011

              By: s:/*Mayra L. Gonzalez-Kadzinski*
                 Mayra Gonzalez-Kadzinski, Esq.